IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| KERI RUSSELL,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DAIICHI-SANKYO, INC.,<br><br>　　　　　Defendant. | CV 11-34-BLG-CSO<br><br>**ORDER GRANTING MOTION<br>TO COMPEL** |

This wrongful discharge action was removed from state court. The case is set for trial on June 18, 2012. Now pending before the Court are the following motions:

(1) Plaintiff Keri Russell's [Russell] "Motion for Rulings on Objections and Motion to Compel" (*Court Doc. 17*);
(2) Defendant Daiichi-Sankyo, Inc.'s ("DSI") Motion for Summary Judgment (*Court Doc. 19*);
(3) DSI's Motion in Limine (*Court Doc. 29*);
(4) Russell's Motion in Limine (*Court Doc. 34*).

This Order addresses only the first motion listed above. The other motions will be addressed in separate orders.

I. **Background**

Russell moves for an order compelling DSI to respond to one

interrogatory and five requests for production.  Russell's motion did not comply with Local Rule 26.3(c)(2), which requires: "All motions to compel or limit discovery must ... attach, as an exhibit: (I) the full text of the discovery sought; and (ii) the full text of the response." Compliance with this rule can avoid confusion and save time. Nonetheless, because the discovery responses at issue were attached to the brief in support of the motion (*Court Doc. 18-3*) and because the issues have been clearly identified in the parties' briefs, the Court will proceed to consider the merits of the motion.

As presented by the parties, this dispute concerns two subjects: (1) discovery requesting complaints and notices regarding DSI's Physician Opinions and Discussion (POD) program; and (2) discovery requesting information on money spent on the POD program.  These discovery requests are addressed seriatim below.

## II. <u>Applicable Legal Standards</u>

A motion to compel may be filed when a party disagrees with the objections interposed by the other party and wants to compel more complete answers.  See *Moreno Rivera v. DHA Global Forwarding,* 272

F.R.D. 50 (D. P.R. 2011). The Court has wide discretion in controlling discovery. *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

If no claim of privilege applies, the production of evidence can be compelled regarding any matter that is "relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). The Court can limit discovery requests if it finds that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(iii).

A party must state objections with specificity. *See Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B),(C)*. The recitation of "boilerplate, shotgun-style objections" are not consistent with the requirements of discovery rules. *See Covington v. Sailormen Inc.,* 274 F.R.D. 692, 693 (N.D. Fla. 2011) (overruling employer's general objections to discharged employee's discovery requests); *Lurensky v. Wellinghoff*, 258 F.R.D. 27, 30 (D.D.C.

2009) (holding that an employer's objections to discovery lacked a specific articulation of facts supporting its conclusion that the plaintiff's request was burdensome). In another employment case, *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 364 (D. Md. 2008), the court explained:

> Rule 33(b)(4) requires that "the grounds for objecting to an interrogatory must be stated with specificity" and cautions that "any ground not stated in a timely objection is waived, unless the court, for good cause, excuses the failure"; therefore, the boilerplate objection to Plaintiffs' interrogatory waived any legitimate objection Defendant Argo may have had. The same is true for the boilerplate objections to Plaintiffs' document production requests. The failure to particularize these objections as required leads to one of two conclusions: either the Defendants lacked a factual basis to make the objections that they did, which would violate Rule 26(g), or they complied with Rule 26(g), made a reasonable inquiry before answering and discovered facts that would support a legitimate objection, but they were waived for failure to specify them as required. Neither alternative helps the Defendants' position, and either would justify a ruling requiring that the Defendants provide the requested discovery regardless of cost or burden, because proper grounds for objecting have not been established.

*Id. (citations omitted).* The Ninth Circuit has also expressly disapproved boilerplate objections. *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court,* 408 F.3d 1142, 1149 (9th Cir. 2005) ("We hold that boilerplate objections or blanket refusals inserted into a

response to a Rule 34 request for production of documents are insufficient to assert a privilege").

The Local Rules also require specific reasons for discovery objections. Local Rules 26.3(a)(2)-(3) require that an objection "must be followed by a statement of reasons." Just stating the bare objection is not sufficient to preserve the objection. *See also Covad Communications Co. v. Revonet, Inc.,* 258 F.R.D. 17, 19 (D.D.C. 2009) (answers to discovery must be "true, explicit, responsive, complete, and candid").

The burden lies on the objecting party to show that a discovery request is improper. Where a party's objections are themselves vague and impermissibly overbroad, and no specifics are given, the objecting party fails to carry its burden. *See McLeod, Alexander, Powel & Apffel, P.C. V. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (holding that the party resisting discovery must show specifically how each discovery request is not relevant or how each question is overly broad, burdensome or oppressive); *Contratto v. Ethicon, Inc.,* 227 F.R.D. 304, 308-09 (N.D.Cal. 2005) (finding declaration of counsel insufficient to

warrant protection of documents). Even when the required showing is not made, however, the Court still has the obligation to review the discovery requests to ensure that they are non-frivolous requests. *Moreno Rivera, supra,* 272 F.R.D. at 57.

III. <u>Analysis</u>

A. <u>Discovery Regarding Complaints and Notices</u>

Plaintiff's Interrogatory No. 2 asks DSI to describe "each complaint or notice" received by DSI "with respect to its [POD] program's payments...." Request for Production No. 1 asks DSI to "provide any complaints or notices you have received, with respect to your [POD] program's payments...." Request for Production No. 2 asks DSI to "provide any documents or other material generated by [DSI] concerning any complaints or notices [DSI] has received with respect to its [POD] program's payments...."

DSI's objections to these requests for production were vitually identical:

> DSI objects to this request as vague, overbroad, not limited to the relevant time period, region or issues raised by the pleadings, irrelevant not likely to lead to relevant evidence and on the grounds that the burden or expense of the proposed discovery

outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Subject to that objection and without waiver thereof, please see RFP 2 attached.

The objection to Interrogatory No. 2 was the same, omitting only the objection "not limited to the relevant time period, region or issues raised by the pleadings...."[1]

The Court finds that these boilerplate objections are insufficient. That they are boilerplate cannot be seriously disputed. Black's defines "boilerplate" to mean: "Ready-made or all-purpose language that will fit in a variety of documents." *Black's Law Dictionary (9th ed. 2009).* The objections largely repeat, word-for-word, language found in Rule 26, without further elaboration to make the objections specific to this case. With DSI's brief, no affidavits are offered to explain why the requests are burdensome or overly broad. Instead, DSI's brief refers the Court to correspondence between counsel for elaboration on DSI's objections.

---

[1]Court Doc. 18-3, DSI's responses to discovery, is missing page 8, which would contain DSI's response/objection to Interrogatory No. 2. DSI's objection to this interrogatory is set forth in Russell's brief (Court Doc. 18 at 8) and cited without correction in DSI's brief (Court Doc. 26 at 4-5). The Court assumes, therefore, that the objection as quoted by Russell's brief is accurate.

Discovery responses, however, must be complete. The Court is not required to comb through letters and emails looking for justification for an objection. The reasons for the objection should be clearly stated in the discovery response. *See DL v. District of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("Because Rule 33(b)(1) requires a party to answer each interrogatory "fully," it is technically improper and unresponsive for an answer to an interrogatory to refer to outside material ...").

Although the objections are insufficient, the Court must nonetheless review the discovery requests to be certain they are proper requests before compelling responses. The Court first notes DSI has stated that it has "in good faith, attempted to respond" to these discovery requests. *Court Doc. 26 at 6-7.* The Court also notes that these requests appear to properly seek discovery regarding the claims and defenses related to whether Russell was discharged for good cause and whether she was discharged for reporting a violation of public policy. That a motion for summary judgment on these issues is pending does not prevent discovery regarding the issues.

DSI complains, however, that the term "notice" is vague, and the

Court agrees that is could be interpreted in various ways. Russell concedes that the request "could have been better phrased...." (*Court Doc. 33 at 12*) and clarifies that she intends the term "notice" to refer to "any complaints or investigations." *Id. at 13.* The Court finds this clarification sufficient. And, as so narrowed, finds that the request is proper.

DSI next complains that the requests for production (but not Interrogatory No. 2) are overly broad in that they are not limited temporally, geographically, or to the issues raised in the pleadings. Russell worked for DSI from 2006 to 2010. *Court Doc. 1-1 at 3.* DSI does not suggest a proper "temporal" limitation, nor does Russell. Accordingly, the Court finds it appropriate to limit the request to a period from 2 years before her employment through her discharge in 2010 – that is, 2004 through July 2010. Given the nature of the request, the Court finds that DSI has not supported a geographical limit.

The Court here is also concerned about DSI's practice of objecting and then responding "without waiving the objection." That it is a

common practice does not make it acceptable. It was expressly disapproved by this Court nearly a decade ago. In *Simonsen v. Allstate Insur. Co.*, 31 Mont.Fed.Rpts. 154, 157 (D.Mont. 2003), Judge Anderson explained:

> Answers to discovery requests must be complete, clear, and responsive. An evasive or incomplete response is treated as a failure to respond. Rule 37(a)(3), Fed.R.Civ.P. The Court finds Allstate's practice of objecting and then responding to be confusing and evasive. It therefore deems both the original and the supplemental objections waived.

As Russell here argues, DSI's partial answers given "subject to" its stated boilerplate objections confuse the issue whether the requested information was provided in full. *See Court Doc. 18 at 7, 10-11.*

### B. Discovery Regarding Money Spent on POD Program

Request for Production 43 asks DSI to "provide all documents showing how much money [DSI] spent on PODs district by district for the years 2007 through 2010." Request No. 44 asks DSI to "provide all reports showing the amount of POD money spent per territory and the national ranking of each territory for years 2007-2010." Request No. 45 asks DSI to "provide all documents showing or reflecting disbursements of payments to health care providers for [DSI's] POD programs

-10-

compared to the number of prescriptions written by those health care providers, between the years 2007-2010."

DSI's boilerplate responses to Requests 43 and 44 were identical:

DSI objects to this request as vague, overbroad, irrelevant not likely to lead to relevant evidence and on the grounds that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Court Doc. 18-3 at 5-6.* DSI's response to Request No. 45 was identical, except for the addition of this sentence: "DSI further objects on the grounds that request (*sic*) improperly asks DSI to create documents that do not presently exist." DSI later added this Supplemental Response: "Management in [Russell's] territory, district, region and area has not located any documents responsive to this request." *See Court Doc. 18-6.*

The Court finds that DSI's boilerplate objections are insufficient. In its brief opposing the motion to compel, DSI objects primarily that these requests seek information outside Russell's territory. As DSI notes, Russell herself identified the "issues at stake" as the "payments

-11-

to Montana physicians based upon the volume of drugs prescribed." *Court Doc. 26 at 9*. But the Court notes that DSI itself, in its Statement of Undisputed Facts, references both regional and national statistics about Russell's performance. *Court Doc. 21 at 5, ¶¶ 10, 11, 12*. DSI cannot attempt to use national statistics for its own purposes and, at the same time, restrict discovery on national statistics.

With respect to Request No. 45, the Court is somewhat perplexed by DSI's objections. If DSI has no responsive documents, as it protests (*Court Doc. 26 at 11*), then its response should simply so state. If there are no responsive documents, there is little possible merit in DSI's boilerplate objection, for example, that responding would be expensive and burdensome.

## IV. <u>Award of Expenses</u>

Rule 37(a)(5)(A) requires that when a motion to compel is granted, the Court must award the movant reasonable expenses unless circumstances would make an award of expenses unjust. The Court here finds that the parties did, in good faith, attempt to resolve their differences, albeit unsuccessfully. The Court also appreciates counsel's

statements that this litigation "has been the least rancorous I have experienced" and "professional and polite." *Court Doc. 33 at 3.* For this reason, the Court here finds that an award of expenses is unnecessary. If DSI fails to fully comply with this Order, however, the issue of an award of expenses against DSI will be revisited.

V.  **Conclusion**

For these reasons IT IS ORDERED that Russell's motion to compel responses to discovery (*Court Doc. 17*) is GRANTED. DSI shall fully respond by **April 20, 2012** to Interrogatory No. 2 and Requests for Production 1, 2, 43, 44, and 45 with the following clarifications:

1) The term "notice" in Interrogatory No. 2 and Requests for Production 1 and 2 shall refer to "notice of investigations."

2) The time frame for Requests for Production 1 and 2 shall be from January 2004 through July 2010.

DATED this 6th day of April, 2012.

/s/ Carolyn S. Ostby
United States Magistrate Judge